**CIVIX–DDI, LLC, Plaintiff,**

v.

**METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., Defendant.**

**Case No. 2:10cv433.**

United States District Court, E.D. Virginia, Norfolk Division.

March 8, 2011.

Allan D. Albert, for Plaintiff.

Richard H. Ottinger, Jeffrey A. Berkowitz, for Defendant.

*ORDER*

F. BRADFORD STILLMAN, United States Magistrate Judge.

Before the Court is the joint motion of the parties (ECF No. 37) for an order clarifying and establishing that the December 1, 2010 amendment to Rule 26(b)(4) of the Federal Rules of Civil Procedure applies to and governs discovery in this matter.

The parties' concerns arise from the Supreme Court's recent amendment of Rule 26(b)(4) of the Federal Rules of Civil Procedure. By order dated April 28, 2010, the Supreme Court of the United States adopted certain amendments to the Federal Rules of Civil Procedure, which took effect on December 1, 2010. Order ¶¶ 1–2 (U.S. Apr. 28, 2010) (amending Fed.R.Civ.P. 8, 26, and 56, and Illustrative Civil Form 52), *available at* http://www.supremecourt.gov/orders/courtorders/frcv10.pdf (Apr. 28, 2010).[1] These amendments included the addition of Rules 26(b)(4)(B) and (C) to extend work-product protection to drafts of expert reports and disclosures and to attorney-expert communications, both of which were previously proper subjects for discovery. *See* Fed.R.Civ.P. 26(b)(4) advisory committee's note (2010 amendments); *see also* John K. Bariej, *Moore's Federal Practice: Proposed Amendments to the Federal Rules* 37–40 (2010).[2] Notably, the Supreme Court's Order of April 28, 2010 provides "[t]hat the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order ¶ 2 (U.S. Apr. 28, 2010); *see also* 28 U.S.C. § 2074(a); Fed.R.Civ.P. 86(a)(2) (amended rules govern pending proceedings unless applying them "would be infeasible or work an injustice").

This action was commenced by the filing of the plaintiff's Complaint (ECF No. 1) on August 30, 2010, prior to the December 1, 2010, effective date of amended Rule 26(b)(4). As a result, the amended Rule 26(b)(4) applies to this case only "insofar as just and practicable." Significantly, the parties bring this motion jointly, and neither advances any reason whatsoever to suggest that the application of amended Rule 26(b)(4) to this case might be unjust, impracticable, or infeasible. Nevertheless, one or both of the parties evidently remains fearful that the other will seek to discover expert witness trial preparation materials notwithstanding any stipulated agreement they might reach on this issue, and so they jointly seek an express and prospective ruling by the Court that amended Rule 26(b)(4) governs discovery in this case.

The Court entered a Rule 26(f) Pretrial Order in this matter on December 9, 2010, pursuant to which the parties were directed to meet in person and conduct a Rule 26(f) conference on December 20, 2010. (Rule 26(f) Pretrial Order ¶ 1, ECF No. 28.) Pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, the parties were prohibited from commencing any discovery in this matter until after the Rule 26(f) conference had been completed, absent stipulation or court order to the contrary. The Court is aware of no such stipulation, and it has entered no such order.

The Court subsequently entered a Rule 16(b) Scheduling Order in this case on February 2, 2011, pursuant to which the first expert disclosures and reports are not due until June 13, 2011. (Rule 16(b) Scheduling Order ¶ 2, ECF No. 34.) Discovery with respect to expert witnesses does not conclude until August 9, 2011. (*Id.* ¶ 4.)

Although this case began prior to the effective date of the amended Rule 26(b)(4), discovery did not commence until well after December 1, 2010, the effective date of the rule amendment. Moreover, there remains ample time for the parties to conduct thorough discovery of testifying expert opinions

---

1. A copy of the Supreme Court's Order of April 28, 2010 was also attached to the joint motion. (ECF No. 37 Ex. A, at 3.)

2. Former Rules 26(b)(4)(B) and (C), addressing discovery with respect to non-testifying experts and cost-shifting with respect to expert fees incurred in responding to discovery requests, were renumbered as Rules 26(b)(4)(D) and (E). *See* Fed.R.Civ.P. 26(b)(4) advisory committee's note (2010 amendments).

on substantive grounds, without also inquiring into draft expert reports and attorney-expert communications. Based on the foregoing, the Court FINDS that application of the amended rule in this case is just and practicable. *See Tyree v. United States,* No. 3:09–CV–663, 2010 WL 1381424, at *5 (E.D.Va. Mar. 30, 2010) (finding application of amended Rule 15(a) just and practicable where motion for leave to amend was filed after effective date of rule amendment).

Accordingly, the Court ORDERS that Rule 26(b)(4) of the Federal Rules of Civil Procedure, as amended effective December 1, 2010, pursuant to the Supreme Court's Order of April 28, 2010, shall govern all proceedings in this action.

IT IS SO ORDERED.